## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - ORDER

Case No.:    CV 09-09421 DOC (AN)                    Dated: February 22, 2010

Title:       Sherman T. Nesbitt v. Steve Trevino, warden
===============================================================

Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**

(In Chambers - No Appearances)

Melissa Cash                                        None_____
Deputy Clerk                                        Court Reporter

**Proceedings:**      Respondent's Motion to Dismiss (dkt. 5) and Order to Show Cause thereon ("OSC")

**Rulings:**          Respondent's counsel is directed to respond to this OSC in the time and manner discussed below.

**Discussion:**

On February 17, 2010, Respondent filed his pending motion to dismiss the Petition. The motion to dismiss is electronically signed by Kathy S. Pomerantz, one of Respondent's counsel of record in this matter. By signing and presenting the motion to the Court, Pomerantz certified the motion was not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and that it is based upon non-frivolous arguments. *See* Rule[1] 11(b) (1)-(2).

However, for the reasons more fully explained below, the Court's preliminary review of the motion to dismiss shows it is based upon arguments that are not warranted by existing law, and that it is brought for the improper purpose of causing unnecessary delay and needlessly increasing the costs of litigation by forcing two judges of this Court to consider and prepare orders relating to a legally baseless motion to dismiss.[2]  Further, the Court also feels compelled to issue this OSC based upon its concern the motion to dismiss may cause

---

[1]   "Rule" refers to the Federal Rules of Civil Procedure.

[2]   By issuing this Order, the Court does not mean to suggest either of the claims in the Petition may not be subject to dismissal on the merits, on grounds that Respondent may properly raise by way of an Answer.

Sherman T. Nesbitt v. Steve Trevino, warden
CV 09-09421 DOC (AN)
February 22, 2010
Page 2
================================================================================

Petitioner to dismiss his Petition in lieu of filing an opposition, which may then cause him to be time-barred from seeking federal relief on the two claims raised in his pending Petition.

The Petition only raises two grounds for federal habeas relief, both of which are exhausted and solely directed at Petitioner's underlying judgment of conviction. (Pet. at 5.) In contrast, Respondent's motion to dismiss is directed at Petitioner's pending appeal of a resentencing error claim, which is wholly based upon the trial court's denial of Petitioner's post-remand motion to strike his 1997 conviction pursuant to *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996). Petitioner made his *Romero* motion in the trial court after the court of appeal affirmed Petitioner's underlying conviction but remanded the case for resentencing in light of the court of appeal's finding that the trial court erred by failing to understand it could impose a concurrent sentence for some of the commitment offenses. In his opening brief directed at this resentencing error claim, Petitioner only requests the court of appeal to "vacate the sentence re-imposed in this case, and remand it to the trial court with directions to the trial court to dismiss the prior conviction alleged as a strike, and then to resentence him." (Lodgment No. 6 (Appellant's Opening Brief at 9).)

Significantly, Petitioner's pending Petition does not raise the resentencing error claim that is the subject of the pending state appeal or Respondent's motion to dismiss. The outcome of the pending state appeal on the resentencing claim will only affect Petitioner's resentence, not his underlying conviction. Further, because the Petition only raises claims that are directed at the conviction and have now become final for purposes of direct review, there is no reason for this Court to abstain from considering these two claims.

In this regard, the Court finds the motion to dismiss appears to be brought for the improper purpose of potentially luring Petitioner into filing a voluntarily dismissal of his Petition in lieu of filing an opposition to the motion to dismiss or, alternatively, causing the Court to erroneously grant a legally baseless motion that might further cause Petitioner into being time-barred from seeking federal habeas review on the two exhausted claims directed at his conviction.

Specifically, on December 10, 2008, the California Supreme Court denied Petitioner's petition for review on his underlying conviction (Lodgment No. 4), and his judgment of

Sherman T. Nesbitt v. Steve Trevino, warden
CV 09-09421 DOC (AN)
February 22, 2010
Page 3
================================================================================

conviction became final on March 10, 2009, the last date for him file a petition for a writ of certiorari directed at the California Supreme Court's 12/10/08 Order affirming his conviction. Consequently, the one-year limitations on the two claims directed at his conviction, which are raised in his pending Petition, started to run the next day, March 11, 2009, and will expire on March 10, 2010 -- 16 days from today's date. Consequently, it is highly likely that, by the time Petitioner's direct appeal on his resentencing error claim becomes final, Petitioner's time for seeking federal habeas relief on the two exhausted claims attacking his conviction may expire, at which point Respondent will undoubtedly move to dismiss on the ground that Petitioner is time-barred from seeking relief on these two claims or any other claims attacking his conviction.

Based upon the foregoing, the Court finds that it appears the motion to dismiss was not brought in good-faith, is brought for an improper purpose, and is otherwise interposed for delay, in violation of Rule 11 (b)(1)-(2). Accordingly, Pomerantz shall have until February 26, 2010, to withdraw the motion to dismiss. If the motion to dismiss is not withdrawn, then Pomerantz shall have until February 26, 2010, to sign and file a written response to this OSC for the purpose of showing why monetary sanctions of $500.00 should not be imposed against her pursuant to Rule 11(c)(3), and Pomerantz is further ordered to personally appear before the Court at 9:00 a.m., March 1, 2010, in Courtroom 6B, for the purpose of responding to this OSC.

cc:    JUDGE CARTER
       All Parties                                    Initials of Deputy Clerk  mc